ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT WORTH DIVISION

2006 JUN -7  PM 4: 04

CLERK OF COURT

Jerry J. Jarzombek, Esq.
714 W. Magnolia Avenue
Fort Worth, Texas 76104
817-348-8325
817-348-8328 fax

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPH J. DILLON, JR., | § § § | Civil Action No. |
| Plaintiff, | § § | **4-06CV-396-A** |
| vs. | § § § | **COMPLAINT and DEMAND FOR JURY TRIAL** |
| FOCUS RECEIVABLES MANAGEMENT, LLC, JANELLE TURNER And MIKE HEAD, | § § § § § | |
| Defendants. | § § | (Unlawful Debt Collection Practices) |

### Preliminary Statement

1.      Plaintiff, Joseph J. Dillon, Jr., brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act,

Tex. Finance Code § 392.001, *et seq.* ("TDCA") and the Texas Deceptive Trade Practices Act,

Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain statutory damages,

injunctive relief, declaratory relief, and other relief for the Defendants' violations of the FDCPA, the

TDCA and the DTPA.

2.     Defendants, Focus Receivables Management, LLC ("Focus") Janelle Turner ("Turner") and Mike Head ("Head") attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiff, arising from a purported obligation to Daimler-Chrysler. The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes.

### Jurisdiction and Venue

3.     Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of pendent jurisdiction for the TDCA claims pursuant to 28 U.S.C. § 1367.

4.     Venue in the Northern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendants transact business here.

### Parties

5.     Plaintiff is a citizen of the State of Texas. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Finance Code § 392.001(1).

6.     Focus is a collection agency engaged in the business of collecting consumer debts in the Northern District of Texas. The principal purpose of Focus' business is the collection of consumer debts using the mails and telephone, and it regularly attempts to collect consumer debts for others. Focus is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). Focus is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

7.     Turner is an individual engaged in the business of collecting consumer debts in the Northern District of Texas. The principal purpose of Turner's business is the collection of consumer debts using the mails and telephone, and Turner regularly attempts to collect consumer debts for others. Turner is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6).  Turner is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).  Turner is employed by Focus as a Collector.

8.     Head is an individual engaged in the business of collecting consumer debts in the Northern District of Texas. The principal purpose of Head's business is the collection of consumer debts using the mails and telephone, and Head regularly attempts to collect consumer debts for others. Head is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6).  Head is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).  Head is employed by Focus as a Collector.

### Factual Allegations

9.     On or about November 7, 2005, Plaintiff had a telephone conversation with Turner. During that conversation, Plaintiff told Turner that he – not his father – was on the motor vehicle lease agreement.  Turner made several representations to the Plaintiff, including the following:

    a.    "…we're going to involuntarily pursue your father … attach his assets…"

    b.    when Plaintiff told Turner that the social security number on the application belonged to him, and not his father, Turner said "…you didn't qualify … so they left your dad's info on … regardless of whose social it is, you haven't paid the bill…"

    c.    "…this is fraudulent…"

    d.    "…if it's not resolved by the end of this month, it's gonna affect him, not you…"

e. "... you're not a man of your word, sir ... it's your bill sir..."

10. The call was transferred to Head, who made several representations to Plaintiff, including the following:

a. "I run the Daimler-Chrysler facility here ... this is absolute fraud..."

b. "...come Friday morning ... 10a.m. ... my staff will be on the phone with the Fort Worth tax assessor –collector ... investigate ... every single nickel ... if your dog is worth $50, we'll know it ..."

c. "...I'm so fed up ... your tab will be about twenty grand..."

11. After reasonable opportunity for further investigation and discovery, the Plaintiff says that the Plaintiff will have evidentiary support to show that someone acting for Focus telephoned Plaintiff's father in an attempt to make him pay his son's debt (suggesting that Plaintiff's father put the balance on a credit card), thereby disclosing information about the debt to Plaintiff's father.

12. After reasonable opportunity for further investigation and discovery, the Plaintiff says that the Plaintiff will have evidentiary support to show that Defendants, Focus, Turner and Head made false statements to Plaintiff in connection with the collection of a consumer debt.

13. After reasonable opportunity for further investigation and discovery, the Plaintiff says that the Plaintiff will have evidentiary support to show that he did not commit fraud or any other crime.

14. The foregoing acts and omissions were undertaken on behalf of the Defendants by their respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

15.    The foregoing acts and omissions of the Defendants were undertaken by each of them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

16.    The foregoing acts and omissions of the Defendants were undertaken by each of them indiscriminately and persistently, as part of their regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiff.

### First Claim for Relief

17.    The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendants' violations of the FDCPA include, but are not limited to the a. following:

a.    In violation of 15 U.S.C. 1692c(b), the Defendants communicated with a third party (a person other than the Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the creditor's attorney, or the Defendants' attorney) without the Plaintiff's prior consent in connection with the collection of a consumer debt.

b.    In violation of 15 U.S.C. § 1692d, the Defendants, Focus and Turner, engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, which conduct included:

   i.    Advising Plaintiff that "they" would involuntarily pursue Plaintiff's father to collect Plaintiff's debt;

   ii.    Accusing Plaintiff of having committed fraud;

   iii.    Speaking to a third party for purposes other than obtaining location information.

c.    In violation of 15 U.S.C. § 1692d, the Defendants, Focus and Head, engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, which conduct included:

   ii.    Advising Plaintiff that "they" would conduct an asset investigation, including determining whether Plaintif dog had a value in excess of $50.00;

   ii.  Accusing Plaintiff of having committed fraud;

   iii.  Speaking to a third party for purposes other than obtaining location information.

 d.  In violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e (2)(a), 15 U.S.C. § 1692e(10), and the "least sophisticated consumer standard," the Defendants used objectively false representations and/or false, deceptive, or misleading representations or means in connection with the collection of a consumer debt.

 e.  In violation of 15 U.S.C. § 1692e(5) and the "least sophisticated consumer standard," the Defendants threatened to take an action which cannot legally be taken or that is not intended to be taken.

 f.  In violation of 15 U.S.C. § 1692f, the Defendants, Focus and Turner, used unfair or unconscionable means to collect or attempt to collect a consumer debt, which conduct included:

   iii.  Advising Plaintiff that "they" would involuntarily pursue Plaintiff's father to collect Plaintiff's debt;

   ii.  Accusing Plaintiff of having committed fraud;

   iii.  Speaking to a third party for purposes other than obtaining location information.

 g.  In violation of 15 U.S.C. § 1692f, the Defendants, Focus and Head, used unfair or unconscionable means to collect or attempt to collect a consumer debt, which conduct included:

   iv.  Advising Plaintiff that "they" would conduct an asset investigation, including determining whether Plaintif dog had a value in excess of $50.00;

   ii.  Accusing Plaintiff of having committed fraud;

   iii.  Speaking to a third party for purposes other than obtaining location information.

18.     Under 15 USC § 1692k, the Defendants' violations of the FDCPA render them jointly and severally liable to Plaintiff for statutory damages, declaratory relief, costs, and reasonable attorney's fees.

## Second Claim for Relief

19.     The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendants' violations of the TDCA include, but are not limited to the following:

a.      In violation of Tex. Fin. Code § 392.301(a)(2), the Defendants accused falsely or threatened to accuse falsely, a person of fraud or any other crime.

b.      In violation of Tex. Fin. Code § 392.301(a)(8), Defendants threatened to take (and/or did take) an action prohibited by law.

c.      In violation of Tex. Fin. Code Ann. § 392.302(1), Defendants have attempted to collect a debt through oppression, harassment, or abuse by using language intended to abuse unreasonably the hearer or reader.

d.      In violation of Tex. Fin. Code § 392.304(a)(8), the Defendants misrepresented the character of a consumer debt.

e.      In violation of Tex. Fin. Code § 392.304(a)(12) the Defendants misrepresented that a consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, or other charges if a written contract or statute does not authorize the additional fees or charges.

f.      In violation of Tex. Fin. Code § 392.304(a)(13) the Defendants misrepresented that a consumer debt will definitely be increased by the addition of attorney's fees, investigation fees, service fees, or other charges if the award of the fees or charges is subject to judicial discretion.

g.      In violation of Tex. Fin. Code § 392.304(a)(14) the Defendants misrepresented the status or nature of the services rendered by the debt collector or the debt collector's business.

h.      In violation of Tex. Fin. Code § 392.304(a)(19), Defendants used false representations and deceptive means to collect a consumer debt.

20.     Under Tex. Fin. Code Ann. § 392.403, the Defendants' violations of the TDCA render them jointly and severally liable to Plaintiff for statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

### Third Claim for Relief

21.     The Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs. Pursuant to Tex.Fin.Code Ann. § 392.404, the Defendants' violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), and is actionable under that subchapter.

22.     Under Tex. Bus. & Com. Code Ann. § 17.50(b)(2), the Defendants' violations of the DTPA render them jointly and severally liable to Plaintiff for injunctive relief, and reasonable attorney's fees.

### Prayer for Relief

WHEREFORE, the Plaintiff prays that this Court:

1.     Declare that Defendants' actions violate the FDCPA, the TDCA and the DPTA.

2.     Enjoin the Defendants' actions which violate the TDCA and the DTPA.

3.     Enter judgment in favor of Plaintiff and against Defendants, jointly and severally, for statutory damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403

4.     Grant such further relief as deemed just.

Dated: June 7, 2006.

Respectfully submitted,

Jerry J. Jarzombek
Texas Bar No. 10589050

714 W. Magnolia Avenue
Fort Worth, Texas 76104
Voice: 817-348-8325
Fax: 817-348-8328

ATTORNEY FOR PLAINTIFF

# DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

Dated:  June 7, 2006.

Respectfully submitted,

Jerry J. Jarzombek
Texas Bar No. 10589050

714 W. Magnolia Avenue
Fort Worth, Texas 76104
Voice: 817-348-8325
Fax: 817-348-8328

ATTORNEY FOR PLAINTIFF

ORIGINAL

JS 44 (Rev 11/04)

**CIVIL COVER SHEET**

U.S. DISTRICT COURT
NORTHERN DIST OF TX

2006 JUN -7 PM 4: 04

CLERK OF COURT

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM )

**I. (a)   PLAINTIFFS**

Joesph J. Dillon, Jr.

**DEFENDANTS**

Focus Receivables Management, LLC, Janelle Turner and Mike Head

**(b)** County of Residence of First Listed Plaintiff _____ Tarrant
(EXCEPT IN U S PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U S PLAINTIFF CASES ONLY)
NOTE  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Jerry J. Jarzombek, The Law Office of Jerry Jarzombek, PLLC
714 W. Magnolia Ave., Fort Worth, TX 76104  817-348-8325

Attorneys (If Known)

**4-06CV-396-A**

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U S Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U S Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl  Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt  Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl  Ret Inc Security Act | ☐ 870 Taxes (U S  Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U S  Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**)

Brief description of cause  Unlawful debt collection: FDCPA (15 USC 1692)

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R C P  23

DEMAND $  1,000 +

CHECK YES only if demanded in complaint
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**

(See instructions)

JUDGE _____   DOCKET NUMBER _____

DATE  June 7, 2006

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # FW388   AMOUNT  350   APPLYING IFP _____   JUDGE  A   MAG JUDGE _____